SARAH ANN MESSITER *versus* ALEXANDER WRIGHT.

A bill in equity to redeem brought by the plaintiff as a widow entitled to dower, cannot be sustained unless it show that she has no remedy at law to recover her dower; it should therefore set forth that the husband was seised, during the coverture, of only an equity of redemption, or that, if he was seised of the legal estate, the plaintiff joined with him in the mortgage.

BILL in equity to redeem a mortgage. The bill set forth, that Richard Messiter, the deceased husband of the plaintiff, on September 21, 1830, being seised in fee of a certain parcel of land in Lowell, mortgaged the premises to Jonathan C. Morrill, to secure the payment of a promissory note for the sum of $300, with interest, in one year from that time ; that on October 5th in the same year, he again mortgaged the premises to William Whitney, to secure the payment of another promissory note for the sum of $300 in one year, with interest thereon ; that the plaintiff's husband was, during her coverture with him, to wit, from the said 5th day of October until the time of his decease, to wit, the 15th day of September, 1831, seised in fee of the equity of redemption of the mortgaged premises, and that the plaintiff was entitled to be endowed of one third part of such equity ; that on October 1, 1831, the mortgaged premises and the notes were duly assigned to the defendant ; that on the same day, the defendant entered upon the mortgaged premises, and he had continued in possession thereof ; that on July 17, 1833, the plaintiff requested him to render an account of the moneys due on the mortgages, and of the rents and profits &c., in order that she might redeem by paying such sum as should be due on such mortgages ; that he unreasonably neglected and refused to render such account ; that the plaintiff thereby, in her bill, offered to pay to him such sum as should be found due to him upon the mortgages ; yet that the defendant denied the right of redemption to the plaintiff. Whereupon, the plaintiff prayed, that the defendant might be held to render an account &c., and that the plaintiff might be allowed to redeem, by paying such sum as should be found to be justly due.

The defendant demurred to the bill and assigned for causes :

1. That it did not appear by the bill, that the plaintiff had

*Messiter*
*v.*
*Wright.*

any right in equity to redeem the premises from the mortgages therein referred to, either as administratrix of the mortgager, or as his widow, to entitle herself to dower in the equity of redemption thereof, the bill not showing, that he was ever seised of any interest or estate other than an equity of redemption in the premises during the coverture.

2. That if Richard Messiter, during the coverture, was so seised of the premises, as to entitle the plaintiff to dower therein upon his decease, it did not appear, that the plaintiff released her right of dower, wholly or partially, in the premises, by becoming a party for that purpose, to the mortgages, or either of them, or otherwise ; and if not, the plaintiff's only mode of enforcing her right to dower in the premises was by an action at common law.

*Feb. 25th,*
*835.*

*Farley* and *Robinson*, for the defendant.

*W. W. Fuller*, for the plaintiff, cited *Utterson* v. *Mair*, 2 Ves. jun. 95 ; *Brooke* v. *Hewitt*, 3 Ves. 253 ; 2 Maddock's Ch. Pr. 289 ; *Blewitt* v. *Blewitt*, Younge, 541 ; *Delorne* v. *Hollingsworth*, 1 Cox's Eq. Cas. 421 ; *Edsell* v. *Buchannan*, 4 Bro. C. C. 254 ; *S. C.* 2 Ves. jun. 83 ; *Baring* v. *Nash*, 1 Ves. & Beames, 551 ; *Brownsword* v. *Edwards*, 2 Ves. sen. 245.

*Feb. 28th,*
*1835.*

SHAW C. J. delivered the opinion of the Court. The argument for the defendant is this ; if the husband was seised of a legal estate, during the coverture, and the plaintiff did not join in the mortgage, then her inchoate right of dower was not bound by her husband's mortgage, and so she has a complete and adequate remedy at law, as well against the mortgagee and his assignee, as all other persons. And the Court are of opinion, that this view is correct ; and as the statute gives a remedy in equity, in cases only where there is no plain, adequate and complete remedy at law, the bill cannot be sustained, unless it appears that there is no such remedy at law.

It is now too late to maintain, that a widow is not entitled in some form to a right of dower in an equity of redemption. It is often a valuable right, as where a large estate is subject to a small incumbrance. *Snow* v. *Stevens*, 15 Mass. R. 278. And this right she may pursue in equity, when she has no

remedy at law, either by joining with the heirs, or others en titled to redeem, and contributing her just proportion of the mortgage debt, or alone, if they refuse to join with her. *Gibson* v. *Crehore*, 5 Pick. 146. Where, therefore, the husband had nothing but an equity of redemption during the coverture, as where the husband's estate was under mortgage at the time of the marriage, and so continued till his death, or where the wife joined in the mortgage, in either of these cases, her only remedy, against the mortgagee and those claiming under him, is in equity to redeem, either by paying her proportion of the mortgage debt, and obtaining a release of her third, or by paying the whole, if the mortgagee requires it, holding the whole, as against others entitled, for her security. But it must appear affirmatively, by her bill, that her claim is thus reduced to a claim in equity to redeem, and that she has no remedy at law. As this does not appear in the present case, the demurrer must be supported.